UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANVIER VILLARS,<br><br>    Plaintiff,<br><br>v.<br><br>PAM BONDI, et al.,<br><br>    Defendants. | Case No. 25-cv-04239-RS<br><br>**ORDER DENYING OUTSTANDING MOTIONS, DISMISSING CASE** |

Pro se Plaintiff Janvier Villars continues to file motions and set hearings in contravention of this Court's rules. Since the Court most recently denied Plaintiff's requested relief and reminded him of the Civil Local Rules and the Federal Rules of Civil Procedure, Plaintiff has filed the following: a motion to issue summons against additional defendants, three further "emergency" motions, a self-styled writ of scire facias, a motion for "constitutional default" against the state of Florida, and a motion for judgment on the pleadings. These motions allege fraud perpetrated by the entire executive and judicial branches, federal officers and employees, and individuals associated with a condominium building located in Miami, Florida. Plaintiff has inconsistently referenced statutes such as 28 U.S.C. § 1983 and § 1986, constitutional violations, inapposite Supreme Court cases, and entirely unsupported accusations of tortious wrongdoing by parties, not all of whom are named as defendants. Because Plaintiff has not followed the rules as required for a party in this forum, his ability to file electronically is revoked. Additionally, Plaintiff's complaint is dismissed for failure to state a plausible entitlement to relief.

Under Federal Rule of Civil Procedure 8, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also* Fed. R. Civ. P. 8(d)(1) (each allegation in a complaint "must be simple, concise, and direct"). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must construe all allegations of material fact in the light most favorable to the plaintiff. *Marcus v. Holder*, 574 F.3d 1182, 1184 (9th Cir. 2009). The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

A district court must construe pro se pleadings liberally and hold such pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, pro se pleadings "must [still] meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. U.S. Dep't of the Navy*, 66 F.3d 193, 199 (9th Cir. 1995). "[I]t is axiomatic that pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). Rule 8(a) is one such requirement. *See Hebbe v. Pliler*, 627 F.3d 338, 341–42 (9th Cir. 2010).

A court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987); *see also Wong v. Bell,* 642 F.2d 359, 361–62 (9th Cir.1981) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1357 at 593 (1969)). Such a dismissal may be made without notice where the claimant cannot possibly win relief. *See Wong v. Bell* at 362; *see Hearns v. San Bernadino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (collecting cases where dismissal was warranted for failure to comply with Rule 8(a)). Though there are a wide variety of sanctions short of dismissal available, the district court need

ORDER DISMISSING COMPLAINT
CASE NO. 25-cv-04239-RS

not exhaust them all before finally dismissing a case. *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981).

Plaintiff was repeatedly informed of the deficiencies in his original complaint. *See* Dkt. 8, Dkt. 14, Dkt. 20. His sixty-nine page complaint, accompanied by 574 supplementary pages, is overlength, confusing, and entirely conclusory. To meet the baseline threshold for bringing a complaint, such a filing must state a claim and establish federal jurisdiction over the matter. *Iqbal*, 556 U.S. at 678. Plaintiff's claims are almost entirely nonsensical and do not allege any facts in support of claims against all named Defendants: Attorney General Pam Bondi, Senator Ashley Moody, Former FBI Director Christopher Wray, FBI Director Kash Patel, and the Securities Exchange Commission.

Plaintiff names further Defendants in the body of his complaint and his filings. To the extent Plaintiff seeks to sue state and federal judges in Florida, this Court lacks subject matter jurisdiction over these claims because these Defendants are immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 910 (1991) (federal judges are absolutely immune from civil liability for damages for their judicial acts); *Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) (federal judges are also absolutely immune from claims for declaratory, injunctive, or other equitable relief arising from their judicial acts); *see also Whole Women's Health v. Jackson*, 595 U.S. 30, 39 (explaining that *Ex Parte Young*, 209 U.S. 123, 163 (1908) does not permit federal courts to issue injunctions against state-court judges or clerks because "an injunction against a state court" or its "machinery" "would be a violation of the whole scheme of our Government."). This immunity "applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Federal court personnel also enjoy absolute quasi-judicial immunity where, as here, the alleged wrongdoing stems from the performance of their official duties. *See, e.g.*, *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (court clerks are entitled to absolute immunity); *see also Whole Women's Health*, 595 U.S. at 39.

Plaintiff has not alleged acts or omissions by the judges or individual staff named herein occurring outside of the performance of their official duties. *See Moore*, 96 F.3d at 1243 (judicial immunity applies to any action taken by a judge in his or her judicial capacity). Therefore, these

ORDER DISMISSING COMPLAINT
CASE NO. 25-cv-04239-RS

claims, even assuming they are properly pled, offer no possibility of relief.

For the foregoing reasons, Plaintiff's complaint is dismissed in its entirety. Accordingly, this order does not address in detail the merits of Plaintiff's numerous outstanding motions, but notes all were deficient under relevant legal standards and filed in violation of various local and federal rules of procedure. *See, e.g.*, Fed. R. Civ. P. 81(b) (abolishing the common law writ of scire facias).

Should Plaintiff wish to file an amended complaint, he must do so within thirty days of this order. Plaintiff should note any amended complaint must comply with the Federal Rules of Civil Procedure, including but not limited to those outlined above.

**IT IS SO ORDERED**.

Dated: July 9, 2025

_____
RICHARD SEEBORG
Chief United States District Judge