UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANVIER VILLARS,

    Plaintiff,

v.

PAM BONDI, et al.,

    Defendants.

Case No. 25-cv-04239-RS

**ORDER DENYING MOTION FOR RECUSAL AND RECONSIDERATION**

Plaintiff demands things—en banc review by the full bench of this district, a trial by a "blockchain jury," "automatic equitable relief"—that simply do not exist. For the following reasons, his motion seeking recusal of this Court and reconsideration of the order dismissing his complaint without prejudice is denied.

**I. Recusal and Disqualification**

Plaintiff's demand for recusal falls short of the standard requiring referral to another judge. His arguments are based on disagreement with this Court's previous rulings and his assertions of widespread fraud throughout the judiciary. The standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984) (quoting *United States v. Nelson*, 718 F.2d 315, 321 (9th Cir.1983)); *see also* 28 U.S.C. § 144. Such prejudice must result from an extrajudicial source. *See id.* Accordingly, a previous adverse ruling is not grounds for recusal. *Id.* Plaintiff's additional allegations that this Court is biased by its own interest in concealing "judicial fraud" do not fare any better. In fact, such allegations, taken as

true, would seem to disqualify the entire federal judiciary. Plaintiff's request for recusal and reassignment to another judge or a panel of judges is therefore bewildering as well as legally insufficient.

Plaintiff's motion to disqualify this Court under Title 28 § 455 is similarly deficient. This portion of his motion relies on the same unsubstantiated accusations of widespread fraud. The standard for disqualification under § 455(a) is the same as for voluntary recusal under § 144. *See Clemens v. U.S. Dist. Ct.,* 428 F.3d 1175, 1178 (9th Cir. 2005) ("whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned"). The "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather is a "well-informed, thoughtful observer." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008) (citation omitted). Importantly, the standard is not met by "the merest unsubstantiated suggestion of personal bias or prejudice." *Id.* Plaintiff's allegations, where comprehensible, are based on this Court's previous adverse decisions and inchoate accusations of fraud. These arguments do not undermine this Court's impartiality in the eyes of a reasonable person. *See id.*

## II.     Reconsideration

Parties in this district must seek leave to file a motion for reconsideration. Civ. L.R. 7-9(a). That said, Plaintiff's motion will not be denied for this procedural defect. It is denied for lack of merit. Reconsideration is an extraordinary remedy and should not be granted "absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). Assuming leave is properly sought and granted, a party may prevail on a motion for reconsideration by demonstrating at least one of the following: (1) "[A] material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought"; (2) "The emergence of new material facts or a change of law occurring after the time of such order"; or (3) "A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b). Plaintiff presents none of those

circumstances here. Plaintiff's legal and factual assertions are identical to those raised in his Complaint and slew of motions. These arguments were duly considered by this Court and found to be unsupported by anything in the record or in Plaintiff's citations to caselaw. Plaintiff believes he is entitled to further proceedings on his original complaint solely because he disagrees with the Court's dismissal. However, this opinion is not grounds for reconsideration.

Reconsideration is particularly inappropriate where leave to amend was granted. Plaintiff may still file an amended complaint. Otherwise, he should seek any further relief via appeal to the circuit court. Plaintiff's motion is denied.

**IT IS SO ORDERED**.

Dated: August 1, 2025

_____
RICHARD SEEBORG
Chief United States District Judge